## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **ALEXANDER HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00147 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARCUS ELAM, ET AL.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Alexander Harris, Pro Se Plaintiff; Margaret H. O'Shea, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants.*

This matter is before me on the Report and Recommendation ("Report") prepared by United States Magistrate Judge Pamela Meade Sargent and the objections thereto.  After review of these documents and de novo review of the pertinent portions of the Report and the transcript of the evidentiary hearing, I conclude that the factual findings of the Report must be adopted and that the claims against the defendants must be dismissed with prejudice for failure to exhaust administrative remedies.

I.

A prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  To comply with § 1997e(a), an inmate must follow each step of the established

grievance procedure that the facility provides to prisoners and meet all deadlines within that procedure. *See Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006). The defendants bear the burden of proving the affirmative defense that Harris failed to exhaust available administrative remedies regarding his claims before filing suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Plaintiff Alexander Harris, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. He alleged that on June 5, 2016, while he was confined at River North Correctional Center, the defendants used or failed to prevent excessive force against him and thereafter, retaliated against him for filing grievances and denied him due process during disciplinary proceedings. The defendants moved for summary judgment, in part, under 42 U.S.C. § 1997e(a), and Harris responded, making the matter ripe for disposition.

The grievance procedures that Harris, as an inmate of the Virginia Department of Corrections ("VDOC") was required to exhaust, are undisputed. Under VDOC Operating Procedure ("OP") 866.1, an inmate with a grievance about some event or issue must first make a good faith effort to resolve his concerns informally, which he may do by completing an Informal Complaint form and submitting it to the prison's Grievance Department. Within two days, the inmate should receive a receipt, indicating that his Informal Complaint form has been received, assigned a tracking number, and entered into the VDOC computer system. His form will be

forwarded to the appropriate department head for investigation. Within fifteen days, the inmate should receive a written response on the bottom of the Informal Complaint form, so that he can use that form to initiate the formal grievance procedure by filing a Regular Grievance.

A Regular Grievance must be submitted within thirty days of the occurrence about which it complains and may address only one issue. The inmate should submit, with the Regular Grievance, the Informal Complaint and all other records necessary to address his issue. If his Informal Complaint is not returned to him with a written response, he may attach his receipt to the Regular Grievance as evidence of his attempt to informally resolve his issue. After investigation of the Regular Grievance, the warden or his designee will send the inmate a Level I response. If the responding official determines the grievance to be unfounded, to satisfy exhaustion under § 1997e(a), the inmate must appeal that holding to Level II, the regional administrator, and in some cases, to Level III.

I previously granted summary judgment as to Harris's claims of retaliation and due process violations. *Harris v. Elam*, No. 7:17CV00147, 2019 WL 691791, at *6 (W.D. Va. Feb. 19, 2019). I denied summary judgment, however, on the defendants' argument that Harris's excessive force and bystander liability claims should be dismissed under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. *Id.* at *2–4. While I found the defendants' evidence to be undisputed that

Harris did not properly file a Regular Grievance about the June 5, 2016, incident, I found material disputes of fact concerning whether the prison's grievance procedures were available to Harris. *Id.* at *3-4. I referred the matter to Judge Sargent for appropriate proceedings, pursuant to 28 U.S.C. § 636(b)(1)(B), for resolution of the following material disputes:

> (1) whether Harris filed one or more Informal Complaint forms about the June 5, 2016, incident[]; (2) what recourse he had if he never received a response of any kind; and (3) what information should have been omitted from his Regular Grievance forms to have them considered as addressing only one issue.

*Id.* at *4 (footnote omitted).

After hearing the parties' evidence on exhaustion, Magistrate Judge Sargent filed her Report, finding that the prison grievance procedures were *not* unavailable to Harris. Specifically, she found Harris's testimony — about filing two, timely Informal Request forms regarding the June 5, 2016, excessive force incident — lacked credibility, based on inconsistencies in his testimony and exhibits. She also noted that when he failed to receive a receipt for these alleged filings, he could have, but admittedly did not, make verbal or written requests about their status, despite evidence that such steps were available to him. Finally, Judge Sargent found that Harris could have had his timely Regular Grievance of June 30, 2016, accepted for processing if he had followed directions and focused only on the alleged excessive force incident. The Regular Grievance form itself states that the inmate should

address only one issue.   Instead, in his Regular Grievance, Harris not only complained about excessive force, but also expressed his desire to bring assault charges against the defendants and complained that the Grievance Department was violating his due process rights.   In addition, Judge Sargent noted that Harris had failed to appeal the intake decision rejecting his Regular Grievance for raising more than one issue, thus failing to utilize another recourse available to him to have his filing considered.

## II.

Harris has demanded a jury trial as to the merits of his underlying § 1983 claims against the defendants.   It is well established, however, that "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury."[1] *Woodhouse v. Duncan*, 741 F. App'x 177, 178 (4th Cir. 2018) (quoting *Small v. Camden Cty.*, 728 F.3d 265, 271 (3d Cir. 2013)).   In a bench trial, such as Judge Sargent conducted on the exhaustion issue in this case, the plaintiff carries the burden of proof by a preponderance of the evidence.[2] *In re Winship*, 397 U.S. 358,

---

[1]   I have omitted internal alterations, quotation marks, and/or citations here and throughout this Opinion, unless otherwise noted.

[2]   Relying on the recommended factual finding in the Report, Judge Sargent recommends granting summary judgment for the defendants.   Because I have already denied summary judgment on the issue of exhaustion, however, I will treat the hearing that Judge Sargent conducted as a bench trial, applying the preponderance of the evidence standard during my de novo review of the factual findings she recommends, Harris's objections, and pertinent parts of the testimony presented at the trial.

371 (1970).  The burden of showing something by a preponderance of the evidence requires persuading "the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *Id.*  Thus, for Harris to avoid dismissal of his claims for failure to exhaust, I must be persuaded that it is more likely than not that he was prevented, through no fault of his own, from pursuing each step of the VDOC grievance procedure, such that it was unavailable to him.

Judge Sargent found that Harris had not presented credible evidence showing that these procedures were unavailable to him.  The magistrate judge makes only a recommendation to this court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Although the district court may give a magistrate judge's proposed findings and conclusions "such weight as [their] merit commands and the sound discretion of the judge warrants," the authority and the responsibility to make an informed final determination of these matters remains with the district judge.  *United States v. Raddatz*, 447 U.S. 667, 682–83 (1980).  Therefore, in performing a de novo review, the district judge must exercise "his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations."  *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985).

Harris has filed timely objections to the Report.  After careful consideration of these objections and de novo review of the parts of the Report and the record to which they refer, I conclude that they must be overruled.

Harris first asserts that the court erred in denying him court-appointed counsel for the evidentiary hearing.  He claims that he has a learning disability, a ninth-grade education, and mental health issues, and that all of his pleadings have been produced by other inmates acting in his stead.  He blames any issues of credibility during the evidentiary hearing on the effects of his mental health medications, which include confusion and memory lapses.  Harris mentioned none of these problems in his motion seeking appointment of counsel, however.  He also made no mention of them to Judge Sargent during the hearing, and his alleged disabilities are not suggested by his testimony at that proceeding.

Harris claims that confusion caused by his medication prevented him from explaining that after the June 5, 2016, incident, he was not immediately placed on strip cell status.  He claims to have filed an Informal Complaint form on June 6, 2016, that he dated June 5, 2016, for unexplained reasons, and an Informal Complaint form dated June 8, 2016.  Harris alleges that in retaliation for these filings, officials *thereafter* placed him on strip cell status for fifteen days, during which time he had no access to the grievance procedures.  This timing clarification does not significantly undermine Judge Sargent's finding on the totality of the evidence

presented that his claim of properly and timely filing these Informal Complaint forms is simply not credible.

Harris also objects to the Report's finding that he failed to lodge verbal or written requests for assistance when he failed to receive a receipt for, or a response to, each of his alleged Informal Complaint forms. The defendants testified that inmates could use these procedures to investigate lack of a receipt or a response. Harris complains that OP 866.1 does not require inmates to take such measures. I agree that his failure to make verbal or written complaints, alone, does not constitute *noncompliance* with the exhaustion requirement in § 1997e(a). The absence of such evidence does, however, undermine the credibility of his contention that the required grievance procedures were unavailable to him through no fault of his own.

In a similar vein, Harris complains that his lack of counsel prevented him from calling witnesses who could have testified about receiving and passing along his Informal Complaints, which he properly entrusted to them for conveyance to the Grievance Department. He asserts that Judge Sargent should have recognized his lack of legal acumen and remedied it by allowing him to obtain such testimony. Harris made no such argument during the hearing, however. Moreover, even if witnesses testified to receiving his Informal Complaint forms, I conclude that Harris's failure to investigate the status of his forms, after he submitted them and received no receipts, undermines the credibility of his claim that "he did everything

humanly possible and reasonable to diligently exhaust his available administrative remedies," but the actions of prison officials made them unavailable.  Obj. 6, ECF No. 58.

I have carefully reviewed Harris's objections, the Report, and pertinent parts of the record.  I have also conducted de novo review of the witness testimony as reflected in the unchallenged transcript of the bench trial evidence.  I conclude that the evidence presented supports the magistrate judge's factual findings that Harris did not properly exhaust the required steps of the administrative remedies and that those remedies were not unavailable to him.  Thus, I will overrule Harris's objections to Judge Sargent's factual findings as outweighed or discredited by other evidence in the record.  Rather, I conclude that Harris has failed to prove by a preponderance of the evidence that administrative remedies were unavailable to him.  As I find no evidence that Harris could now begin the exhaustion process anew, I will dismiss his claims with prejudice as barred by his noncompliance with 42 U.S.C. § 1997e(a).

III.

For the reasons stated in this Opinion, it is hereby **ORDERED** as follows:

1.    The Objections by Plaintiff are OVERRULED;

2.    The factual findings of the Report, ECF No. 54, are hereby ADOPTED, as supplemented by this Opinion; and

3.      The Plaintiff's Eighth Amendment claims of excessive force and

bystander liability are hereby DISMISSED WITH PREJUDICE,

based on his failure to exhaust available administrative remedies,

as required under 42 U.S.C. § 1997e(a).

A final judgment in favor of the defendants will be entered forthwith.

ENTER:   April 30, 2020

/s/  JAMES P. JONES
United States District Judge