# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ALEXANDER HARRIS,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:17cv00147 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **MARCUS ELAM, et al.,** | ) | |
| Defendants. | ) | |

The pro se plaintiff, Alexander Harris, a Virginia Department of Corrections, ("VDOC"), inmate, sued various VDOC employees in this civil rights action pursuant to 42 U.S.C. § 1983. By Opinion and Order entered on February 19, 2019, the court dismissed all of Harris's claims except for claims for excessive force and failure to intervene. The court also found that Harris had failed to exhaust his administrative remedies related to these claims. However, the matter was referred to the undersigned for an evidentiary hearing to determine whether the prison grievance procedures were, in fact, unavailable to Harris, thereby excusing his failure to exhaust. An evidentiary hearing was held by the undersigned on April 25, 2019. By Report and Recommendation entered May 21, 2019, the undersigned recommended that the court find that the prison grievance procedures were not unavailable to the plaintiff and dismiss his remaining claims for failure to exhaust. By Opinion and Order entered April 30, 2020, the court overruled the plaintiff's objections and adopted the Report and Recommendation and entered judgment in the defendants' favor.

This matter now is before the undersigned on a Motion for Relief from Judgment and/or Order, (Docket Item No. 64) ("Motion for Relief"), filed by the plaintiff on May 18, 2020. The Motion for Relief was referred to the undersigned

for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Motion for Relief seeks relief from judgment pursuant to Federal Rules of Civil Procedure Rule 60(b)(2) based on newly discovered evidence. Attached to the Motion for Relief are two exhibits, (Docket Item No. 64-1, ("Evidence")), which the plaintiff did not submit at trial or prior to entry of judgment. The plaintiff states that these exhibits are VDOC Regular Grievance and Informal Complaint forms that are in triplicate with white, yellow and pink copies. These forms do not concern the plaintiff's claims, and the plaintiff states that he discovered these forms when he retrieved his legal paperwork from the cell of a fellow inmate who had been assisting him with his claims. The plaintiff, in his sworn Motion for Relief does not state when he discovered these forms, other than to state that he did not know of their existence at the time of the 2016 incident that was the basis for his claims. In particular, he does not state that he discovered the existence of these forms after the entry of judgment in the case.

The plaintiff states that, at the time he attempted to exhaust his administrative remedies, these triplicate forms were not available for his use at River North Correctional Center, ("River North"). He argues that, if these forms had been available to him, he would have been able to prove that he had attempted to exhaust his administrative remedies. He also argues that, since these forms were available at other VDOC facilities, and were not made available to him at River North when he attempted to exhaust his administrative remedies, they are newly discovered evidence that the administrative remedies procedure at River North was unavailable to him.

Rule 60(b)(2) states:

>  (b)    …[T]he court may relieve a party … from a final judgment, order, or proceeding for the following reasons:
>
>  …
>
>  (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]

FED. R. CIV. P. 60(b)(2). While the plaintiff has moved for relief under Rule 60(b)(2), he also could have sought relief under Rule 59. Rule 59 allows a party to file a motion for a new trial or to alter or amend a judgment within 28 days after entry of the judgment. *See* FED. R. CIV. P. 59. Based on its duty to liberally construe pro se pleadings, *see Booker v. S.C. Dep't of Corrs.,* 855 F.3d 533, 540 (4th Cir. 2017), the court will consider whether relief is appropriate under either rule.

Whether to grant a motion to alter or amend judgment under either Rule 59 or Rule 60 is within the discretion of the court. *See RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992); *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989). Nonetheless, a request under either rule for relief from judgment based on newly discovered evidence requires a showing that the failure to present the evidence earlier was justified. *See RGI, Inc.* 963 F.2d at 662; FED. R. CIV. P. 60(b)(2). The plaintiff has presented no such evidence to the court. As stated above, the Motion for Relief does not state that plaintiff discovered the use of the triplicate administrative remedies forms only after the entry of the court's judgment. Instead, the plaintiff claims he did not know of the existence of these triplicate forms in 2016.

Furthermore, before a court grants relief from judgment under either rule, the court should find that the new evidence is material and likely, if considered, to produce a new outcome. *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). The court's decision in this case turned, in part, on the undersigned's finding

that plaintiff's testimony that he had filed two relevant informal complaints was not credible. The plaintiff appears to argue that, if he had been provided these triplicate forms, he would have had proof, through a triplicate copy, that he had filed these informal complaints. This argument ignores the fact that the plaintiff did provide the court with copies of the informal complaints that he claimed he had filed. It also ignores the fact that the VDOC's grievance procedure allows an inmate who does not receive a response at any stage of the proceedings to proceed to the next step. In this case, the plaintiff did proceed to the next step by filing a regular grievance, but that regular grievance was rejected at intake for raising more than one issue. The plaintiff admitted that he never appealed this intake decision, nor did he follow instructions to refile a proper regular grievance raising only one issue. The plaintiff offered no evidence that he was prevented in any way from taking these steps to fully exhaust his claims. Therefore, I find that evidence of the existence and use of these triplicate forms at other VDOC facilities, but not at River North, is not material to the court's previous decision on this issue, nor would the admission of this evidence be likely to produce a different outcome.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The plaintiff has failed to show that his failure to present the Evidence earlier was justified; and
2. The Evidence is not material to the court's decision and, if considered, is not likely to produce a different outcome.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion for Relief.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: July 23, 2020.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE