# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ALEXANDER HARRIS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:17CV00147 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MARCUS ELAM, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Alexander Harris, Pro Se Plaintiff; Margaret H. O'Shea Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, *Richmond, Virginia, for the Defendants.*

This matter is before me on a Report and Recommendation ("Report") prepared by United States Magistrate Judge Pamela Meade Sargent. The pro se plaintiff, Alexander Harris, has filed objections to the Report and a motion asking for them to be timely filed. After review of the record, I conclude that his pending motions must be denied.

By Opinion and Order entered April 30, 2020, I adopted Judge Sargent's prior Report and dismissed this case. That Report found that Harris, who had failed to properly exhaust administrative remedies at River North Correctional Center ("River North") as required under 42 U.S.C. § 1997e(a), had also failed to provide credible evidence that administrative remedies were unavailable to him. In May 2020, Harris filed a motion asking for reconsideration of the dismissal ("Motion for Relief"). I

referred this motion to Judge Sargent, who prepared the pending Report recommending denial of the Motion for Relief.

Judge Sargent construes the Motion for Relief as arising under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, Harris's Motion for Relief argues that his ability to prove his exhaustion efforts was hampered because River North officials did not provide him with Virginia Department of Corrections ("VDOC") Informal Complaint and Regular Grievance forms that include triplicate copies — white, yellow, and pink — of any such remedy an inmate writes. Apparently, Harris's contention is that if he could have used such forms, he would have had copies of the Informal Complaints that he claims he wrote and submitted, to prove his exhaustion efforts. The sample triplicate forms he submits with the Motion for Relief have no connection to his claims, however. Judge Sargent's Report also finds no evidence that Harris was justified in failing to present this purportedly new evidence at an earlier stage of the litigation — *before* I dismissed the case. Finally, the Report finds that Harris's new evidence (the triplicate forms) is not material, because even if considered, it is not likely to produce a different outcome on the exhaustion issue.

The Report notified the parties that they had fourteen days to file any objections to its findings and recommendations. Harris submitted a motion asking for more time to file objections. Now, nearly two weeks later, he has submitted his

objections. As an attachment, he submits an affidavit from another inmate who has assisted him in this case, who attempts to explain why Harris did not have the triplicate form samples in his possession to submit as exhibits earlier in this case. While I will accept Harris's objections and the attached affidavit as timely filed, I do not find any basis for the relief he seeks.

Whether to grant a Motion to Alter or Amend Judgment under either Rule 59 or Rule 60 is within the discretion of the court. *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992); *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989). Furthermore, to grant relief on either type of motion, I would need to find that the new evidence offered is material and likely, if considered, to produce a new outcome. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

Harris simply has made no such showing. The original Report found that Harris's testimony about filing timely Informal Complaint forms was not credible. The existence of triplicate forms to be used at some VDOC prisons does not prove that officials at River North denied Harris the ability to properly file Informal Complaint forms by the deadline he faced under the established grievance procedure. The sample forms also cannot prove that he actually filed Informal Complaints about his issues, as he testified to the magistrate judge. Because the newly submitted evidence does not produce a different factual or legal outcome than the original

Report recommends, I will adopt the pending Report, including its recommendation for denial of Harris's Motion for Relief.

For the reasons stated, it is hereby **ORDERED** that the plaintiff's Motion, ECF No. 72, seeking additional time to present evidence and objections, is GRANTED, and his Objections, ECF No. 73, are hereby DEEMED timely filed; but the Report and Recommendation, ECF No. 71, is ADOPTED in full; and the plaintiff's Motion for Relief, ECF No. 64, is DENIED.

        ENTER: August 24, 2020

        /s/  JAMES P. JONES
        United States District Judge